UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANTHONY JACKSON,
                           Plaintiff,
-against-

COUNTY OF NASSAU; Police Officer
SEAN C. MCGOWAN, Shield No. 10619;
Police Officer William J. Lauria, Shield No. 10495;
and Police Officers JOHN DOE #1-5, shield numbers unknown.
                           Defendants.

Case No:

COMPAINT AND JURY TRIAL DEMANDED

Plaintiff, Anthony Jackson, by and through his attorney, Donna Este-Green, Esq., alleges as follows:

## INTRODUCTION

1. On November 4, 2022, officers of the Nassau County Police Department ("NCPD") at 2:04 am, at the intersection of Nassau Rd./Greenwich St., followed the plaintiff, Anthony Jackson, while he was operating his motor vehicle. When Mr. Jackson was about 240 feet from his home, when he noticed that the officers were behind him and he pulled into his driveway. Mr. Jackson noted that the officers did not turn on any sirens or flashing lights until he reached his home. Without identifying himself/themselves, the officer(s), namely, S. McGowan, approached his vehicle, reached the driver's partially opened window, opened the door and physically assaulted him, including punching him, and pushing him to the ground. Mr. Jackson was also tasered. The officers then handcuffed him while he was lying on the ground. A few weeks later, Officer McGowan encountered Mr. Jackson in the community and laughingly chided him about crying like a "little bitch" on the night of the subject incident.

2. These actions were humiliating. They were wrong. Defendants are liable for these illegal acts.

1


## THE PARTIES

3. Plaintiff, Anthony Jackson is a citizen of the United States who resided in Nassau County, New York at the time of the events giving rise to this Complaint.

4. Defendant County of Nassau (the "County") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant County, acting through the NCPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NCPD matters, and was responsible for the appointment, training, supervision, and conduct of all NCPD personnel, including Defendant Officers McGowan and Lauria. In addition, at all relevant times, Defendant County was responsible for enforcing the rules of the NCPD and for ensuring that the NCPD personnel obey the laws of the United States and of the State of New York.

5. Defendant Police Officer McGowan, was at all times relevant hereto, an officer of the NCPD, acting in the capacity of agent, servant, and employee of Defendant County, and within the scope of his employment as such.

6. Defendant Police Officer Lauria, was at all times relevant hereto, an officer of the NCPD, acting in the capacity of agent, servant, and employee of Defendant County, and within the scope of his employment as such.

7. Defendants Police Officers John Does #1-5, names and shield numbers unknown, were each at all times relevant hereto, officers of the NCPD, acting in the capacity of agent, servant, and employee of Defendant County, and within the scope of their employment as such.

8. At all times relevant hereto, Officer McGowan, Officer Luaria and Officers John Does #1-5 (collectively the "Officer Defendants") were acting under the color of state law.

## JURISDICTION AND VENUE

9. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and the New York State common law.

10. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(4), 1367(a), and the doctrine of supplemental jurisdiction.

11. The acts complained of occurred in the Eastern District of New York, and venue in this Court is proper under 28 U.S.C. § 1391(b).

## JURY DEMAND

12. Plaintiff demands a trial by jury in this action.

## FACTUAL ALLEGATIONS

13. On November 4, 2022, Plaintiff, Anthony Jackson, was operating his motor vehicle.

14. At approximately 2:00 am, Mr. Jackson, a Black male, while traveling on Nassau Rd., Roosevelt, NY, noted that he was being followed by the defendant police officers when he was about 240 feet from home on Lee St. Fearing for his safety, he pulled into his driveway when Officer McGowan approached his vehicle, reached inside his partially opened door window and forcibly opened the door. Mr. Jackson's hands were on his steering wheel.

15. Before Mr. Jackson could verbally respond, Officer McGowan and pulled him out of the vehicle, and punched him. Officers McGowan and Laura pushed him to the ground and tasered him. Mr. Jackson, who was crying out for help—specifically crying out the name of his brother—was later handcuffed while lying on the ground. This was in full view of his neighbors.

3

16. Mr. Jackson was charged with resisting arrest, and other traffic violation including but not limited to, having an obstruction in his windshield—an air freshener, and a covered licensed plate. He was arraigned on November 11, 2022.

17. Mr. Jackson sustained cuts and bruises as a result of the Defendant Officer's actions.

18. At no point did Plaintiff Jackson resist Defendant Officers' actions.

19. At no point did any of the other officers, including Defendants John Doe Does #1-5, intervene to stop the unjustified verbal and excessive physical force of Plaintiff.

20. As a result of Defendants' conduct, Plaintiff Jackson was wrongfully and baselessly handcuffed and detained. He also suffered emotional and psychological trauma stemming from the baseless arrest and humiliating assault to which he was subjected by Defendants.

21. A notice of claim was timely served on the Nassau County Attorney.

22. An examination pursuant to New York General Municipal Law § 50-h was conducted by the County of Nassau on May 30, 2023. At least thirty days have elapsed since the service of the Notice of Claim and adjustment or payment of the claim has been neglected or refused.

23. This action has been commenced within one year and ninety days after the happening of the events on which the claims are based.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983-False Arrest**
**(Against Defendant S. McGowan**
**and Defendant W. Lauria )**

24. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

25. The Defendant officer wrongfully and illegally arrested and detained Plaintiff, and/or failed to intervene to prevent Plaintiff's wrongful arrest and detention.

26. The wrongful, unjustifiable, and unlawful apprehension, arrest, and detention of Plaintiff was carried out without any basis, without Plaintiff's consent, and without probable cause, reasonable suspicion, or a valid warrant.

27. At all relevant times, the Officer Defendants acted forcibly in apprehending and arresting Plaintiff.

28. Throughout this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest and deprived of his liberty.

29. At all times, the unlawful, wrongful, and false arrest of Plaintiff was without basis and without probable or reasonable cause.

30. All this occurred without any fault or provocation on the part of Plaintiff.

31. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and/or within the scope of their employment as NCPD officers. Said acts by the Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and all Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. The Officer Defendants also racially profiled Mr. Jackson because he is a Black male.

32. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages heretofore alleged.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983- Excessive Force
### (Against Officer Defendants)

33. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

34. The Officer Defendants used excessive force when they unlawfully and without basis or consent, forcibly removed the plaintiff from his vehicle and handcuffed him, and/or failed to prevent others from doing so despite being aware of the use of objectively unreasonable force and having a reasonable opportunity to intervene to prevent it.

35. The Officer Defendants had no reasonable suspicion to believe that Plaintiff was violating any traffic laws or any other law, nor did they have reason to believe Plaintiff posed a serious risk to the safety of the officers at the scene.

36. By using excessive force and assaulting Plaintiff, the Officer Defendants deprived Plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

37. The Officer Defendants acted under pretense and color of state law and in their individual capacities and within the scope of their employment as an NCPD officer. Said acts by the Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and the Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights s, cured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

38. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
### Battery
### (Against All Defendants)

39. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

40. The Officer Defendants, acting within the scope of their employment, intentionally, willfully, and maliciously battered Plaintiff, by forcibly handcuffing Plaintiff, and caused such battery, and/or failed to intervene to prevent the other Officer Defendants from doing so.

41. The Officer Defendants, their officers, agents, servants, and employees were responsible for Plaintiffs battery. Defendant County, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

42. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages heretofore alleged.

## FOURTH CAUSE OF ACTION
### Assault
### (Against All Defendants)

43. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

44. The Officer Defendants, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted Plaintiff, and/or failed to intervene to prevent the assault of Plaintiff, in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did violent and/or menacing act(s) which threatened such contact to the Plaintiff, and that such act(s) caused apprehension of such contact in the Plaintiff.

45. The Officer Defendants, their officers, agents, servants, and employees

were responsible for the assaults on Plaintiff. Defendant County, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

46. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages heretofore alleged.

### FIFTH CAUSE OF ACTION
### False Arrest
### (Against All Defendants)

47. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

48. The acts and conduct of the Officer Defendants constitute false arrest and false imprisonment under the laws of the State of New York. The Officer Defendants intended to confine Plaintiff and/or failed to intervene to prevent the confinement of the Plaintiff; the Officer Defendants, in fact, confined Plaintiff; and Plaintiff was conscious of the confinement. In addition, Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

49. The Officer Defendants were at all times agents, servants, and employees acting within the scope of their employment by Nassau County and the Nassau County Police Department, which are therefore responsible for their conduct. Defendant County, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

50. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CAUSE OF ACTION
### Negligent Hiring, Training, Discipline, and Retention of Employment Services
### (Against Defendant County)

51. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

52. The County, through the NCPD, owed a duty of care to Plaintiff to prevent the physical and mental abuse sustained by Plaintiff. Under the same or similar circumstances, a reasonable, prudent, and careful person would have anticipated that an injury to Plaintiff or to those in a like situation would probably result from this conduct.

53. Upon information and belief, the Officer Defendants were unfit and incompetent for their positions as police officers.

54. Upon information and belief, the County knew or should have known through the exercise of reasonable diligence that the Officer Defendants were dangerous.

55. Upon information and belief, the County's negligence in hiring, training, disciplining, and retaining the Officer Defendants proximately caused Plaintiffs lasting physical, mental, and emotional injuries.

56. Upon information and belief, because of the County's negligent hiring, training, discipline, and retention of the aforementioned Officer Defendants, Plaintiff incurred significant and lasting physical, mental, and emotional injuries.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

1. Awarding compensatory damages in an amount to be determined at trial;

2. Awarding punitive damages against the Individual Defendants in an amount to be determined at trial;

3. Awarding Plaintiff reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

4. Directing other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

Dated: October 31, 2023
Hempstead, New York

Donna Este-Green
*Attorney for Plaintiff*
25 Fairway Dr.
Hempstead, NY. 11550
(516) 996-7900